## MORRISON *v.* STATE.

### Opinion delivered October 16, 1916.

LIQUOR—ILLEGAL SALE—SUFFICIENCY OF THE EVIDENCE.—The evidence *held* sufficient to warrant a conviction of the crime of selling intoxicating liquor.

Appeal from Hot Spring Circuit Court; *Geo. R. Haynie*, Judge on Exchange; affirmed.

*Oscar Barnett*, for appellant.

There is no evidence to sustain the verdict. 101 Ark. 569.

*Wallace Davis*, Attorney General, and *Hamilton Moses*, Assistant, for appellee. *D. D. Glover* of Counsel.

The evidence is ample to sustain the conviction. Appellant either sold, or aided in the illegal sale, and was clearly guilty. 105 Ark. 462.

KIRBY, J. Will Morrison prosecutes this appeal from a judgment of conviction for selling and being interested

in the sale of intoxicating liquors urging as a ground for reversal that the evidence is insufficient to support the verdict of the jury.

It appears from the testimony that the officers of the City of Malvern were planning to catch the violators of the law and sent a negro, Keesee, with a dollar bill marked with the officers initials "C. L. R." to Emmerson's place to get some whiskey. The messenger went to the place designated in the back of Alexander's garage, while the officers watched from a place across the street. The negro went into the garage and came out and they took the whiskey from him and arrested appellant and Emerson in the garage. They saw Fred Emerson give Will Morrison, appellant, the key and he went back and unlocked the back room and in a short time Emerson and the negro messenger went back in there and the negro came out with the whiskey. Upon giving the signal agreed upon if he succeeded in getting the whiskey, the officers came up and arrested Emerson and Morrison. Keesee stated in their presence, and the statement was not denied, that Morrison drew the whiskey out of a large bottle that was in a barrel and sold it to him. They looked in the barrel and found whiskey there.

The place was a "hang-out for loafers," as one witness expressed it. The officers found the marked dollar bill in Emerson's pocket and Emerson testified that he sold the liquor and he only, was interested in the sale. Neither Keesee nor appellant testified at the trial.

There was no error in admitting in evidence the statement made by Keesee in the presence of appellant and Emerson when they were arrested about his having purchased the whiskey from appellant, which statement was not denied and the testimony is sufficient to sustain the verdict.

The judgment is affirmed.